IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INMAR BRAND SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUOTIENT TECHNOLOGY INC., <br><br> Defendant. | C.A. No. 23-994 (JFM) |

## SCHEDULING ORDER

**AND NOW**, this 4th day of June 2024, following the initial pretrial conference, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

**IT IS ORDERED THAT**:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Order</u>. The parties served their Rule 26(a)(1) Initial Disclosures on **May 22, 2024**. The parties shall meet and confer and submit a proposed e-discovery order by **July 18, 2024**.

2. <u>Joinder of other Parties and Amendment of Pleadings</u>. Joinder of other parties and amendment of the pleadings shall occur on or before **October 1, 2024**.

3. <u>Discovery</u>.

    a. <u>Fact Discovery Cut Off</u>. All fact discovery shall be completed on or before **June 30, 2025**.

    b. <u>Document production</u>. Document production shall be substantially completed by **March 5, 2025**.

   c. <u>Requests for admission</u>. A maximum of **thirty (30)** requests for admission are permitted for each side, except request for admission to establish the authenticity of documents shall not count towards this limit. The parties agree to work cooperatively towards stipulations on authenticity of documents produced.

   d. <u>Interrogatories</u>.

    i. A maximum of **twenty-five (25)** interrogatories, including contention interrogatories, are permitted for each side.

    ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

   e. <u>Depositions</u>.

    i. <u>Limitation on Hours for Party Deposition Discovery</u>. Each side is limited to a total of **fifty (50)** hours for depositions of party witnesses. This limit does not apply to third party or expert depositions. Given that the parties have not exchanged initial disclosures, both parties reserve the right to seek in excess of fifty (50) hours for party depositions. Should either party determine that they need additional time beyond the fifty (50) hours for party depositions, the parties shall meet and confer and if they are unable to reach agreement, the parties shall raise the dispute with the Court using the discovery dispute procedure outlined in paragraph 3(g).

    ii. <u>Location of Depositions</u>. The parties agree that a party taking a deposition may elect to take the deposition remotely rather than in-person, provided that the

witness is still physically located within the United States. Regardless of whether the deposition is taken remotely or in-person, counsel for the defending party may elect to defend the deposition in-person.

      f.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the moving party (i.e., the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes" listing the name of the counsel that were involved in the verbal meet and confer, a non-argumentative description of the issue(s) in dispute, and at least three (3) date(s)/time(s) that the parties are available for a teleconference. The Court will thereafter order a discovery dispute teleconference and deadlines for submissions in accordance with the following guidelines. Generally, not less than five (5) days prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. Generally, not less at least three (3) business days after the moving party files its letter (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed four (4) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

      g.    <u>Disclosures</u>. The parties shall exchange the following disclosures by the date(s) set forth below:

        i.        On or before **June 24, 2024**, Plaintiff shall identify the accused product(s), including accused methods and systems, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).[1] Plaintiff shall also produce the file history for each asserted patent.

        ii.        On or before **August 9, 2024**, Defendant shall produce core technical documents related to the accused product(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

        iii.        On or before **September 9, 2024**, Plaintiff shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

        iv.        On or before **October 18, 2024**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the related invalidating references.

4.    <u>Related Proceedings</u>. No party is aware of any other litigation or administrative proceedings, including IPRs or reexaminations, involving the asserted patents.

5.    <u>Application to Court for Protective Order</u>. Counsel shall submit a stipulated protective order to the Court within **thirty (30) days** of the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order will include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in

---

[1] Defendant asked us to require that plaintiff also disclose its asserted claims at this stage. The need to narrow a patent case (and the benefits of doing so) is ever present, and doubtless both parties will keep this in mind at all stages. But we do not see a benefit of <u>requiring</u> identification of claims at this stage, especially since we would not make it binding in any event.

another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. <u>Case Narrowing</u>. The parties shall confer regarding case narrowing, including a potential reduction in the number of asserted claims by Plaintiff and a potential reduction in the number of asserted prior art references by Defendant, after the Court issues its Markman order. In addition, the parties agree to confer on case narrowing after the close of fact discovery and in advance of the exchange of opening expert reports. Nothing in this paragraph limits a party's ability to seek case narrowing in advance of the deadlines otherwise specified in this paragraph, and the parties agree to meet and confer on any such request.

7. <u>Papers Filed Under Seal</u>. The Court will follow the District of Delaware rules for filing under seal until further order. When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

8. <u>Claim Construction Issue Identification</u>. On or **October 30, 2024**, the parties shall exchange a list of no more than fifteen (15) term(s)/phrase(s) that they believe need construction across all asserted patent(s). On or before **November 8, 2024**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s) that have been identified for construction. These documents will not be filed with the Court. Subsequent to exchanging those lists, and no later than **November 15, 2024**, the parties will meet and confer to prepare a Joint Claim Construction Chart, which shall be filed no later than **November 22, 2024**. The parties' Joint Claim Construction Chart should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. To the extent there are more than ten disputed term(s)/phrase(s) identified for

construction in the Joint Claim Construction Chart, the parties will identify for the Court in a joint letter the ten term(s)/phrase(s) that will be the subject of the claim construction briefing set forth in Paragraph 9. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>. Plaintiff shall serve, but not file, their opening brief, not to exceed 5,000 words, on **December 13, 2024**. Defendants shall serve, but not file, their joint answering brief, not to exceed 7,500 words, on **January 10, 2025**. Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on **January 31, 2025**. Defendants shall serve, but not file, their joint sur-reply brief, not to exceed 2,500 words, on **February 14, 2025**. No later than **February 19, 2025**, the parties shall file a Joint Claim Construction Brief. The parties need not include any general summaries of law relating to claim construction.

10. <u>Hearing on Claim Construction</u>. Beginning at **10 a.m.**, on **March 18, 2025**, in **Courtroom 3B**, Third Floor, United States Courthouse, 601 Market Street, Philadelphia, PA, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed ninety (90) minutes per side. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

11. <u>Disclosure of Expert Testimony</u>.

a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 31, 2025**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 28, 2025**. Reply expert reports from the party with the initial burden of proof are due on or before **September 18, 2025**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within two (2) weeks of the submission of the expert report. The parties are expected to promptly try and resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived. Along with the submissions of the reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **October 16, 2025**.

b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

12. <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before **November 6, 2025**. Responses to any such motions shall be served and filed on or before **December 3, 2025**. Replies to any such motions shall be served and filed on or before

**December 22, 2025**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

13. Briefing Limits on Case Dispositive/*Daubert* Motions. Each party is permitted to file as many case dispositive motions as desired provided, however, that each **SIDE** will be limited to a combined total of **forty (40)** pages for all opening briefs, a combined total of **forty (40)** pages for all answering briefs, and a combined total of **twenty (20)** pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to **fifty (50)** pages for all opening briefs, **fifty (50)** pages for all answering briefs, and **twenty-five (25)** pages for all reply briefs for each **SIDE**.

14. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by District of Delaware Local Rule 7.1.1.

15. Mediation. The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to be included the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should

so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

16. *Pro Hac Vice* Motions: The parties shall follow District of Delaware Local Rule 83.5.

17. Extensions of Time: The parties shall follow District of Delaware Local Rule 16.4. For all requests not subject to or implicated by District of Delaware Local Rule 16.4, the parties may file requests for extensions of time at any time prior to the deadline.

18. Schedule Summary:

| Description of Event | Proposed Date |
|---|---|
| Rule 26(a) Initial Disclosures | May 22, 2024 |
| Application for Protective Order | June 18, 2024 |
| Submission of proposed ESI Order | July 18, 2024 |
| Plaintiff shall identify the accused product(s), including accused methods and systems, as well as the asserted patent(s) **[Defendant's Proposal:** and asserted claim(s)**]** that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent. | June 24, 2024 |
| Defendant shall produce core technical documents related to the accused product(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. | August 9, 2024 |
| Plaintiff shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. | September 9, 2024 |
| Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the related invalidating references. | October 18, 2024 |
| List of claim terms/phrases for construction | October 30, 2024 |

| Description of Event | Proposed Date |
|---|---|
| Proposed constructions for identified claim terms/phrases for construction | November 8, 2024 |
| Meet and confer re Claim Construction | November 15, 2024 |
| Joinder of other Parties and Amendment of Pleadings Without Leave | October 1, 2024 |
| Joint Claim Construction Chart | November 22, 2024 |
| Plaintiff Serves Opening Claim Construction Brief | December 13, 2024 |
| Defendant Serves Answering Claim Construction Brief | January 10, 2025 |
| Plaintiff Serves Reply Claim Construction Brief | January 31, 2025 |
| Defendant Serves Sur-Reply Claim Construction Brief | February 14, 2025 |
| Parties file Joint Claim Construction Brief | February 19, 2025 |
| Document Production Substantially Complete | March 5, 2025 |
| Hearing on Claim Construction | March 18, 2025 at 10 a.m. in Courtroom 3-B. |
| Fact Discovery Cut Off | June 30, 2025 |
| Opening Disclosure of Expert Testimony | July 31, 2025 |
| Rebuttal Disclosure of Expert Testimony | August 28, 2025 |
| Reply Disclosure of Expert Testimony | September 18, 2025 |
| Completion of Expert Discovery and Discovery Cut Off | October 16, 2025 |
| Case Dispositive/*Daubert* Motions | November 6, 2025 |
| Responses to Case Dispositive/*Daubert* Motions | December 3, 2025 |
| Replies to Case Dispositive/*Daubert* Motions | December 22, 2025 |
| Pretrial Conference | To be scheduled at a later time. |

| Description of Event | Proposed Date |
|---|---|
| Jury Trial | To be scheduled at a later time. |

_____
The Honorable John F. Murphy
United States District Judge